IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SERVICIO MARINA SUPERIOR, LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 07-0770-KD-C |
| | ) | |
| MATRIX INTERNATIONAL LTD., | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on Defendant's Motion to Dismiss for lack of subject matter jurisdiction (Doc. 37), Plaintiff's Motion to Strike and Response (Docs. 38, 40), Defendant's Reply (Doc. 39) and Defendant's Supplemental Reply Brief (Doc. 41). Based upon the following, the Court finds that Defendant's Motion to Dismiss is due to be **DENIED,** and as such, Plaintiff's Motion to Strike is **MOOT.**

In this admiralty action, Plaintiff filed a Verified Complaint and Request for Attachment Pursuant to Supplemental Admiralty Rule B and Motion for Issuance of Rule B Attachment on October 29, 2007, asserting that this Court has jurisdiction pursuant to Section 1333 and that the action is an admiralty and maritime claim within the meaning of Rule 9(h) of the <u>Federal Rules of Civil Procedure</u>. (Doc. 1). In the Complaint, Plaintiff asserts that on or about August 27, 2007,[1] the parties entered into a Contract of Affreightment ("the Contract"), under which Plaintiff agreed to supply a tug, barge and other equipment and services to Defendant for the purpose of enabling Defendant to ship cargos of scrap metal from the Cayman Islands to Alter Trading Corporation's

---

[1] Plaintiff asserts that the parties entered into the Contract or on about April 27, 2000; however, the Contract shows the date of August 27, 2007. (Doc. 1 at Ex. A).

facility in Mobile, Alabama. (Id. at Ex. A). Plaintiff seeks recovery of a balance claimed on the Contract with Defendant for delivery of said scrap metal. (Id.) Clause 17 of the Contract provides for the Applicable Law and Jurisdiction, specifying personal jurisdiction and subject matter jurisdiction in the U.S. District Court for the Eastern District of Louisiana:

> This agreement shall be construed and performance under this agreement shall be governed by the general maritime law of the United States or by the laws of the State of Louisiana in the event there is no applicable general maritime rule of law. The parties hereby submit to the exclusive personal and subject matter jurisdiction of the United States District Court for the Eastern District of Louisiana at New Orleans with respect to any litigation arising out of this agreement or performance under this agreement, with the substantially prevailing party entitled to recover its reasonable legal fees and costs.

(Id. at Clause 17).

On October 30, 2007, this Court granted Plaintiff's Motion for Issuance of Summons and Process of Attachment and Garnishment with regard to garnishee Alter Trading Corporation,[2] and the Clerk issued a Summons and Process of Attachment and Garnishment. (Docs. 3, 5).

On January 7, 2008, Defendant filed its Answer to Plaintiff's Complaint; in doing so, Defendant did not assert improper venue as a defense. (Doc. 16). On September 5, 2008, the parties filed their Joint Pretrial Order; in doing so, Defendant did not assert improper venue as a defense or raise it as an issue in this case. (Doc. 31). On September 11, 2008, the Court held a Pretrial Conference with the parties, at which time they were given the opportunity to raise any pending concerns or issues; Defendant did not raise the issue of improper venue.

Now, 11 days before trial, 10 months after filing its Answer and over 25 days after the Pretrial Conference, Defendant has moved to dismiss this case due to a lack of subject matter

---

[2] Plaintiff alleged in the Complaint that Alter Trading owed Matrix a sum of money for a cargo of scrap metal and sought an attachment against those funds.

jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. The Court's review of Defendant's motion reveals that it is based upon a forum selection clause. This is clear. While Defendant is correct that a lack of subject matter jurisdiction can be raised at any time under Rule 12(h)(3), Defendant's motion is not truly a motion to dismiss for lack of subject matter jurisdiction.[3] Rather, it is a motion to dismiss pursuant to Rule 12(b)(3) for improper venue because it is premised entirely upon the forum selection clause in the Contract at issue between the parties. See, e.g., Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1289-1290 (11th Cir. 1998) (holding that motions to dismiss based upon forum selection clauses ordinarily are not properly brought under Rule 12(b)(1) which permits motions to dismiss for lack of subject matter jurisdiction, "because the basis upon which the defendants seek dismissal-namely, that the agreement of the parties prohibits the plaintiff from bringing suit in the particular forum-is unrelated to the actual basis of federal subject matter jurisdiction-namely, federal question jurisdiction or diversity of citizenship, as the case may be[]").

    The Court need not reach the merits of Defendant's argument because it is evident that the issue of venue has been untimely raised, and as such, Defendant's motion is due to be denied. Specifically, Rule 12(b) provides that "[a] motion asserting any of these [Rule 12(b)(1)-(7)] defenses must be made before pleading if a responsive pleading is allowed[,]" and Rule 12(h)(1)(B) provides that a party waives any defense listed in Rule 12(b)(2)-(5) by failing to either make it by motion under this rule or include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course. Fed.R.Civ.P. Rules 12(b), 12(h)(1)(B). At no point in this litigation has

---

[3] In its Motion to Dismiss, Defendant contends that based upon the Contract's Clause 17 forum selection clause, there is an enforceable agreement between the parties for exclusive subject matter jurisdiction in the Eastern District of Louisiana, and thus, this case is due to be dismissed due to lack of subject matter jurisdiction. This argument has no cited support or merit.

3

Defendant raised the defense of improper venue.[4]  As a result, pursuant to Rule 12(h)(1)(B), Defendant has waived this defense.[5]

Thus, based upon the foregoing, the Court finds that Defendant's Motion to Dismiss is **DENIED** and Plaintiff's Motion to Strike is **MOOT.  This matter will proceed to trial as scheduled on October 20, 2008 at 9:00 a.m.**

**DONE** and **ORDERED** this the 14th day of October 2008.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[4] Defendant Matrix disputes Rule B jurisdiction for the attachment (contending that the Rule B attachment was improper because it was "present" in this district).  While Matrix stated in the Answer to Plaintiff's Complaint (Second Affirmative Defense) and Pretrial Order, that the Rule B attachment should be vacated or dismissed because it was engaged in sufficient activity and minimum contacts in this district to subject it to jurisdiction (and/or its agent, Alter Trading, was engaged in such activities), Matrix did not dispute the attachment by motion, or timely request a prompt Rule E(4)(f) hearing for release from arrest or attachment.  Matrix has not actually moved for any relief from this Court regarding the Rule B attachment, until (presumably) now.  As such, the Court finds that Defendant Matrix's raising of this issue, within its motion to dismiss, is improper.  Moreover, any dispute regarding the garnishment was waived when Matrix filed a joint motion to dismiss Alter Trading with prejudice and requested that the garnished funds be paid into the registry of the Court.

[5] See, e.g., Manley v. Engram, 755 F.2d 1463 (11th Cir. 1985) (finding that waiver may be implied from the failure to assert the venue objection after its existence is disclosed or from an undue delay in asserting it where the facts upon which it rests were known to the defendant).  See also e.g., American Home Assur. Co. v. TGL Container Lines, Ltd., 347 F. Supp. 2d 749, 765 (N.D. Cal. 2004) (concluding, in a maritime case, that defendant non-vessel-operating common carrier waived any defense it might have had based on forum selection clause in ocean carrier's bills of lading when it did not move to dismiss shipper's action for improper venue in its first motion to dismiss or include affirmative defense of improper venue in its answer because "[u]nder Rule 12(h) of the Federal Rules of Civil Procedure, a defense of improper venue is waived unless it is included in the defendant's first Rule 12 motion or, if no such motion is filed, in the answer to the complaint. Fed. R. Civ. Pro. 12(h). This principle applies to motions to dismiss for improper venue based on contractual forum selection clauses as well as on statutory venue issues. . . ."); Albany Ins. Co. v. Almancenadora Somex, S.A., 5 F.3d 907, 909-910 (5th Cir. 1993) (holding that the defense of improper venue pursuant to a forum selection clause in a contract is waived if not urged in party's first motion to dismiss filed before the first responsive pleading is filed); Avant Petroleum, Inc. v. Banque Paribas, 652 F. Supp. 542, 545-546 (S.D.N.Y. 1987) (finding waiver of the venue defense under a forum selection clause because it was not timely invoked as per Rule 12(h)); Putz v. Carnival Tours, Inc., 1987 WL 7674, *1-2 (E.D. Pa. Mar. 10, 1987) (denying a defendant's motion to transfer venue under a forum selection clause because it waived its objection to venue).