IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SERVICIO MARINA SUPERIOR, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 07-0770-KD-C |
| | ) | |
| MATRIX INTERNATIONAL LTD., | ) | |
|     Defendant. | ) | |

## ORDER

This matter is before the Court on Defendant's Motion to Stay Disbursement of Attached Funds Pending Appeal, or in the Alternative, Motion to Stay Pending Application to Court of Appeals (Doc. 58) and Plaintiff's response thereto (Doc. 60).

Defendant Matrix seeks a stay of disbursement of the attached funds in this case without having to comply with the requirement of posting a supersedeas bond. Rule 62(d) of the Federal Rules of Civil Procedure provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . ." As detailed in Avirgan v. Hull, 125 F.R.D. 185, 186-188 (S.D. Fla. 1989):

> A literal reading of Fed.R.Civ.P. 62(d) indicates that a court can issue a stay pending appeal only when the judgment debtor posts a supersedeas bond . . . . The only exceptions to this rule appear to be the special cases of Fed.R.Civ.P. 62(a), which are actions involving injunctions, receiverships or patent accountings.
>
> Federal courts today generally follow Fed.R.Civ.P. 62(d) unless a case presents one of two rare instances. *See Olympia Equipment Leasing Co. v. Western Union Telegraph Co.,* 786 F.2d 794 (7th Cir. 1986). *See also Federal Prescription Service, Inc. v. American Pharmaceutical Assoc.,* 636 F.2d 755 (D.C. Cir. 1980). In these two circumstances the posting of a bond to secure a stay pending appeal is inappropriate: (1) where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money, and, (2) where the requirement would put the defendant's other creditors in undue jeopardy. *Olympia Equipment,* 786 F.2d at 796 . . . . In such a case, the district court may grant the stay without the posting of any security, or accept a form of alternative security. *See Federal Prescription Service, Inc.,* 636 F.2d 755, 758 (D.C. Cir. 1980); *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir. 1979) . . . .

* * *

. . . . The court can only dispense with the requirement for a bond after the judgment debtor has "objectively demonstrated his ability to satisfy the judgment and maintain the same degree of solvency through the appellate process." 7 Moore's Federal Practice, § 62.06 at 62-34 (2d ed. 1987) . . . .

Similarly, in order to obtain the posting of alternative security, the judgment debtor must demonstrate a present financial ability to "facially respond to a money judgment and be willing to present to the court a financially secure plan for maintaining that same degree of solvency during the appeal." *See Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir. 1979) . . . .

\* \* \*

. . . . The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal. *See Prudential Ins. Co. of America v. Boyd,* 781 F.2d 1494, 1498 (11th Cir.1986). The bond "is an important safeguard." *Olympia Equipment Leasing Co.,* 786 F.2d at 800 (Easterbrook, J., concurring). . .

In this case, Defendant Matrix has not articulated either of the foregoing "rare instances" for waiver of the supersedeas bond requirement under Rule 62(d).[1]  Neither instance has been mentioned, much less discussed, in the motion, and thus, Defendant Matrix will be required to post the supersedeas bond in order to obtain a stay pending appeal.  <u>Avirgan</u>, 125 F.R.D. at 186-188.  Accordingly, the Court finds that Defendant Matrix's motion is **DENIED.**

**DONE** and **ORDERED** this the **31st** day of **March 2009.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Rule 62(e) exception for a stay without bond on appeal is inapplicable because the United States, its officers, or its agencies or a department of the federal government, are not parties in this case.