IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SERVICIO MARINA SUPERIOR, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 07-0770-KD-C |
| ) | |
| **MATRIX INTERNATIONAL LTD.,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter is before the Court on Defendant's Motion for Additional Twenty (20) Day Stay According to State Law Pursuant to Rule 62(f). (Doc. 62). Defendant has failed to cite any authority to support its contention that this Court's judgment is a lien on property in the State of Alabama under Rule 62(f).[1] Accordingly, Defendant motion is **DENIED.**

**DONE** and **ORDERED** this the **2ⁿᵈ** day of **April 2009.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] Rule 62(f) of the Federal Rules of Civil Procedure provides that "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Fed. R.Civ.P. Rule 62(f) (emphasis added). In Alabama, "[t]he owner of any judgment entered in any court of this state or of the United States held in this state may file in the office of the judge of probate of any county of this state a certificate of the clerk or register of the court by which the judgment was entered . . . ." Ala. Code § 6-9-210 (1975). In Alabama, "every judgment, a certificate of which has been filed as provided in Section 6-9-210, shall be a lien in the county where filed on all property of the defendant which is subject to levy and sale under execution . . . . The filing of said certificate of judgment, as provided in Section 6-9-210, shall be notice to all persons of the existence of the lien thereby created." Ala. Code § 6-9-211 (1975 (emphasis added)).