## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **SERVICIO MARINA SUPERIOR, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 07-0770-KD-C** |
| | ) | |
| **MATRIX INTERNATIONAL LTD.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

This matter is before the Court on Plaintiff's Motion to Condemn Funds (Doc. 65) and proposed Order for Disbursement of Funds (Doc. 68). While Defendant was provided with the opportunity to file a response by May 1, 2009 (Doc. 67), no response was filed. After due consideration, the Court finds that Plaintiff's motion is due to be **GRANTED** as stated herein.

On October 29, 2007, Plaintiff initiated this admiralty litigation by filing a Verified Complaint against Defendant Matrix, with a Request for Attachment as to garnishee Alter Trading Corporation, pursuant to Supplemental Admiralty Rule B and a Motion for Issuance of Rule B Attachment. (Doc. 1). Plaintiff sought recovery for damages from Defendant Matrix's alleged breach of contract in the sum of $531,238.63 plus attorneys' fees and interest. (Id.) On October 30, 2007, this Court granted Plaintiff's Motion for Issuance of Summons and Process of Attachment and Garnishment with regard to garnishee Alter Trading,[1] and the Clerk issued a Summons and Process of Attachment and Garnishment as to Alter Trading. (Docs. 3, 5). Alter Trading then admitted that

---

[1] Plaintiff alleged in the Complaint that Alter Trading owed Matrix a sum of money for a cargo of scrap metal and sought an attachment against those funds.

it was indebted to Defendant Matrix in the amount of $134,251.94.  (Doc. 7).  On September 5,

2008, the parties jointly requested that the Court enter an order directing Alter Trading to pay

$134,251.94 into the registry of the Court, and that upon such payment, enter an order dismissing

Alter Trading from the case with prejudice. (Doc. 29).  On September 8, 2008 the Court granted the

motion to dismiss and ordered Alter Trading to pay the sum of $134,251.94 into the Court.  (Doc.

33).  On September 23, 2008, Alter Trading deposited said funds with the Clerk of Court. (Doc. 35).

On December 18, 2008, after conducting a bench trial, the Court entered judgment against

Defendant Matrix in the sum of $294,058.63.  (Docs. 51, 52).  The automatic stay of execution

provided by Rule 62$^2$ of the <u>Federal Rules of Civil Procedure</u> has expired, and there is currently no

stay of execution with respect to the judgment (Doc. 63).  Plaintiff now seeks to have the funds

which were deposited with the Clerk of Court ($134,251.94) by Alter Trading (the garnishee) paid

to Plaintiff in partial satisfaction of the judgment obtained against Defendant Matrix. (Docs. 65, 68).

Maritime attachment serves both to obtain jurisdiction over a defendant through its property

and to assure satisfaction of the claim in the event that a plaintiff's suit is successful. <u>See</u>, <u>e.g.</u>, <u>Gulf</u>

<u>Marine & Indus. Supplies, Inc. v. New Filipino Maritime Agencies, Inc.</u>, 2001 WL 277924, *3 (E.D.

La. Mar. 20, 2001); <u>Western Bulk Carriers (Australia) v. P.S. International, Ltd.</u>, 762 F. Supp. 1302,

1306 (S.D. Ohio 1991) (citing <u>Swift & Co. Packers v. Compania Columbiana Del Caribe</u>, 339 U.S.

684, 693 (1950)); <u>Trans Atlantic Oil, Ltd., S.A. v. Apex Oil Co.</u>, 743 F.2d 956, 960 (1st Cir. 1984).

Supplemental Admiralty Rule B(1)(e) provides that a plaintiff may invoke state law remedies under

---

[2] Pursuant to Rule 62(a), "no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry."  Fed.R.Civ.P. 62(a).

Rule 64[3] for seizure of person or property for the satisfaction of a judgment.  Alabama law provides

that if a garnishee admits possession of property of the defendant, then a judgment of condemnation

must be entered against such property after entry of judgment in favor of the plaintiff in the original

action.  Ala. Code § 6-6-456.[4]  Local Rule 67.1(e), Guidelines for the Deposit of Funds, provides

instructions with regard to disbursement of funds; namely, that funds deposited by the Clerk of

Court will be disbursed only with prior order of the Court and that counsel for the party receiving

the funds shall furnish to the Clerk, in writing, the social security number or tax identification

number of any and all recipients of more than $10.00 of the interest accrued.

The Court finds that Plaintiff's Motion to Condemn/Disburse Funds (Doc. 65) is due to be

**GRANTED.**  In accordance with this ruling, it is further **ORDERED** that:

1)   Counsel for Plaintiff shall file a notice itemizing all amounts which it has recovered pursuant to the Judgment entered in the case and provide a computation of the unpaid balance of the Judgment;

2)   Counsel for Plaintiff shall file a notice which provides the social security number or tax identification number of Plaintiff;

---

[3]   Rule 64(a) provides for remedies under state law: "at the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies."

[4]   Alabama Code Section 6-6-456 governs judgment and proceedings if possession of effects subject to levy and sale admitted, and provides that: "If the garnishee admits the possession of effects of the defendant, the subject of levy and sale under legal process, judgment of condemnation must be entered that such effects be delivered upon demand after the entry of judgment in favor of the plaintiff in the original action, or so much thereof as may be necessary to satisfy the judgment, and the sheriff must make sale thereof. If the garnishee fails to deliver such effects to the sheriff on demand, he must make return thereof to the clerk, who must thereupon issue an execution against the garnishee in favor of the plaintiff for the amount of the judgment and costs. If, however, such failure is without fault or negligence on the part of the garnishee, he may tender to the plaintiff, his agent, or attorney the value of such effects; and, if such tender is refused, he may obtain relief by supersedeas."

3)      Upon receipt of the two aforementioned notices, the Clerk shall pay
        to Plaintiff all funds paid to the Clerk by the garnishee and all interest
        accrued thereon, up to the amount necessary to satisfy the Judgment
        entered by this Court; and

4)      Plaintiff shall show all amounts which it recovers from the Clerk
        pursuant to this Order as a credit against the Judgment which it
        obtained against the Defendant.


**DONE** and **ORDERED** this the **12th** day of **May 2009.**


                                                /s/ Kristi K. DuBose
                                                **KRISTI K. DuBOSE**
                                                **UNITED STATES DISTRICT JUDGE**